5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard KIRSCHBAUM, Defendant-Appellant.
 No. 92-10274.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1993.*
Decided Sept. 1, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-90-00114-01-AC; Alfredo C. Marquez, District Judge, Presiding.
 D.Ariz.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Kirschbaum appeals from the district court's order directing the Special Master to disburse $60,524.06 in restitution and reimbursing the Master $1,291.62 for his expenses. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part, vacate in part, and remand for further proceedings.
 
 
 3
 The district court correctly concluded that under the terms of the plea agreement the deadline for submission of claims was six months after receipt of funds, or January 4, 1991.[1] Since the Special Master did not keep track of when claims were received, the district court determined that claims dated on or before January 4, 1991 would be considered timely. Kirschbaum argues that the only permissible claims are those for which the Master has produced postmarked envelopes dated prior to January 4. However, Kirschbaum, not the Special Master, bore the burden of proving that the plea agreement was breached. See United States v. Packwood, 848 F.2d 1009, 1011 (9th Cir.1988); United States v. Verrusio, 803 F.2d 885, 891 (7th Cir.1986). Since Kirschbaum presented no evidence that the claims dated January 4 or earlier were actually received after January 4, the district court properly considered these claims timely. While it would certainly have been preferable for the Master to have tracked the receipt of claims, his failure to do so did not breach any provision of the plea agreement.
 
 
 4
 Although we approve the district court's procedure, we are unable to determine how the court arrived at the figure of $60,524.06 as the total amount of permissible claims.[2] We therefore vacate this portion of the order and remand for recalculation of the total amount of timely claims, i.e., those dated on or before January 4, 1991.[3]
 
 
 5
 Kirschbaum also challenges the district court's award of $1,291.62 to the Special Master in partial payment of expenses. This award is within the maximum for administration costs specified in the plea agreement and is amply supported by the Master's affidavit outlining the services he has performed. However, we recommend that before further fees are awarded, the Special Master be directed to itemize his expenses and the precise number of hours worked.
 
 
 6
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The government argues that the "receipt of funds" never occurred because the amount deposited by Kirschbaum was five cents short of the amount specified in the plea agreement. Especially since Kirschbaum was apparently never informed of the deficiency, we do not consider such a minor discrepancy to be a breach of the plea agreement
 
 
 [2]
 The government has admirably brought our attention to the apparent error in the court's figure, and suggests that the correct figure is $51,522.06. However, by our calculation based on the Master's report of July 15, 1991, the correct figure appears to be $50,225.18
 
 
 [3]
 It is disturbing that many claimants who were told that the deadline was January 31 will receive no restitution because the deadline was actually January 4. On remand, perhaps the parties can agree to a modification of the plea agreement whereby the appellant would be liable only for the total amount of claims dated on or before January 4, but this total would be distributed pro rata among all of the claims dated on or before the announced deadline of January 31